IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LALO, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-2502-L** |
| | § | |
| **HAWK APPAREL, INC. and ERNEST "ERIC" COLTON, JR,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff LALO, LLC's ("Plaintiff" or "LALO") Motion for Entry of Default Judgment Against Defendants Hawk Apparel, Inc. and Ernest "Eric" Colton Jr. (collectively, "Defendants") (Doc. 7), filed March 7, 2019; and Plaintiff's Motion to Enter Default Judgment (Doc. 9), filed June 27, 2019. After careful consideration of the petition, motions, record, and applicable law, the court **denies as moot** Plaintiff's Motion for Entry of Default Judgment (Doc. 7); and **denies** Plaintiff's Motion to Enter Default Judgment (Doc. 9).

### I.  Procedural Background

LALO and Defendants participated in an arbitration hearing on April 9-12, 2018, in Dallas, Texas. The Honorable Anne Ashby presided over the hearing as the Arbitrator. On May 7, 2018, the Arbitrator issued her Reasoned Decision and Final Award (the "Award"), following the arbitration of this matter. Doc. 1-1. LALO filed its Petition to Confirm Arbitration Award (the "Petition") on September 20, 2018, seeking to confirm the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. Defendants were served with process on September 26, 2018. At the time of this opinion, Defendant's have not complied with the terms of the Award, have not filed an answer or otherwise appeared in this action, and have not moved to vacate the Award. On

March 7, 2019, LALO filed its Motion for Entry of Default Judgment. The clerk entered a default against both Defendants the following day. On June 27, 2019, LALO filed its Motion to Enter Default Judgment.

## II. Legal Standard – Motion for Default Judgment

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id*.; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants, and LALO now requests the court to enter a final default judgment against them.

To date, Defendants have not responded to or otherwise defended against LALO's Petition. By failing to answer or otherwise respond to LALO's Petition, Defendants have admitted the well-pleaded allegations of the Petition and are precluded from contesting the established facts on appeal. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* Additionally, a party "is not entitled to a default judgment as a matter of right, even whe[n] the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the court may consider: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the

harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id*.

### III. Analysis

In its Petition, LALO asserts that the parties participated in an arbitration hearing from April 9-12, 2018 in Dallas, Texas; the Arbitrator entered an Award granting LALO damages of $1,340,481.30; and Defendants have yet to pay any portion of the Award. Even though Defendants failed to file an answer or motion to vacate the Award, the court determines that LALO has failed to meet the procedural requirements outlined in 9 U.S.C. § 13 for properly seeking a confirmation of an arbitration award and, accordingly, is not entitled to a default judgment against Defendants at this time.

> A party seeking to confirm an arbitration award must file the following:
>
> **(a)** The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> **(b)** The award.
>
> **(c)** Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13. In support of its Petition, LALO makes the following allegations:

> LALO entered into a Distribution Agreement with Hawk to sell LALO's products. Disputes arose from of misrepresentations by Colton as to his and Hawk's background, experience, and ability to market LALO products. Subsequently, a lawsuit was filed, later settled based on representations and an agreement made by Hawk and Colton regarding payments for various boot related expenses and other factors. The settlement agreement provided for resolution of all disputes, amongst all parties made subject of the original underlying lawsuit in binding arbitration.
>
> Haw and Colton breached the terms of the underlying Settlement Agreement, and the parties agreed to binding arbitration before the American Arbitration Association to resolve all disputes.

Pl.'s Pet. ¶¶ 14-15. While generally these allegations would be sufficient to warrant a default judgment, the FAA's added pleading requirements negate this remedy under this circumstance, as LALO did not attach the underlying agreement requiring binding arbitration to its Petition. It also did not submit the agreement as evidence in connection with its motion for default judgment. Accordingly, the court concludes that LALO has failed to comply with the requirements of 9 U.S.C. § 13. The court, therefore, **denies** LALO's Motion to Enter Default judgment. The court, however, will grant LALO leave to file a supplement to its Petition, curing the deficiency of evidence.

IV.   **Conclusion**

The court **denies as moot** Plaintiff LALO's Motion for Entry of Default Judgment* (Doc. 7), as the clerk properly entered a default against Defendants, and no further action is required from the court. Additionally, based on the reasons herein stated, the court **denies without prejudice** LALO's Motion to Enter Default Judgment (Doc. 9) and permits LALO to file a supplement to its Petition no later than **November 13, 2019**, in accordance with this opinion. Failure to file the supplement, one that includes the agreement requiring binding arbitration, by the court-ordered deadline will result in dismissal without prejudice of the Petition under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

**It is so ordered** this 30th day of October, 2019.

                                                         Sam A. Lindsay
                                                       United States District Judge

---

* LALO incorrectly titled its motion as a Motion for Entry of Default Judgment when the correct title should be a "Motion for Entry of Default," as the only relief sought was an entry of default by the clerk.