IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LALO, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-2502-L** |
| | § | |
| **HAWK APPAREL, INC. and ERNEST "ERIC" COLTON, JR,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff LALO, LLC's ("Plaintiff") Application to Confirm Arbitration Award ("Application") (Doc. 1), which seeks to confirm the award issued by Arbitrator Hon. Anne Ashby with the American Arbitration Association ("AAA") on May 7, 2018 ("Final Award") in *Hawk Apparel, Inc. and Ernest "Eric" Colton, Jr. v. LALO, LLC*, American Arbitration Association No. 01-16-0003-5060 ("Arbitration"). After considering the Application, answer, response, record, and applicable law, the court, for the reasons herein explained, **confirms** Plaintiff LALO, LLC's Final Award, *except with respect to its request for prejudgment and postjudgment interest*.

### I.     Background

Plaintiff initiated this action on September 20, 2018, based on diversity jurisdiction, requesting that the court confirm the Final Award pursuant to 9 U.S.C. § 9 and enter a judgment in favor of Plaintiff against Hawk Apparel, Inc. ("Hawk") and Ernest "Eric" Colton, Jr. ("Mr. Colton") (collectively, "Defendants"). In support of its Application, Plaintiff contends the court must confirm the Final Award because Defendants did not timely move to vacate it pursuant to 9 U.S.C. § 12. *See* Doc. 1. Plaintiff moved for an entry of default against Defendants on March

7, 2019, after it filed executed summons on Mr. Colton and Hawk. Mr. Colton, however, did not immediately file an answer or otherwise respond. He appeared in this case on February 20, 2020, and asserted that he was not properly served in this matter. *See* Doc. 15.

On January 22, 2021, after a detailed hearing, this court issued an order that set aside the Clerk's Entry of Default against Mr. Colton and Hawk. Doc. 28. The court further directed Plaintiff to file any supplemental documents in support of its Application and directed Mr. Colton to file his response. *Id.* On March 4, 2022, and March 22, 2022, Plaintiff subsequently filed three executed returned summonses from the Texas Secretary of State indicating that Hawk had been served through its registered agent, Mr. Colton. *See* Docs. 37-39. Mr. Colton, on the other hand, further argued that the court should not confirm the Final Award because: (1) the arbitrator exceeded her authority and therefore, the Final Award should be vacated under 9 U.S.C. § 10; (2) res judicata and collateral estoppel bar the Final Award; and (3) Plaintiff was unable to show it suffered damages caused by Defendants' alleged conduct. *See* Doc. 32. The court, having determined that Defendants appeared or have been properly served with process in this matter, will now consider the Application and Mr. Colton's objections.[1]

**II.    Confirmation of Award**

The parties agreed to arbitrate their disputes in accordance with the AAA's Commercial Arbitration Rules, including Commercial Arbitration Rule R-52(c) that states, "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Pursuant to the Federal Arbitration Act ("FAA"), if the parties have agreed that a judgment of the court shall be

---

[1] As stated earlier, Hawk was served with service of process through its registered agent, Mr. Colton, on March 4, 2022, and March 22, 2022. *See* Docs. 37-39. Hawk, however, has not made an appearance in this matter through designated counsel. Because Mr. Colton has appeared in this action and is the current registered agent of Hawk, Hawk is now a proper party to this action.

Memorandum Opinion and Order – Page 2

entered upon the entry of an arbitration award, then upon application by a party, the court must grant such an order unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. A party to an arbitration may move to vacate an arbitration award in the following instances:

 (1) where the award was procured by corruption, fraud, or undue means;

 (2) where there was evident partiality or corruption in the arbitrators, or either of them;

 (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

 (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* § 10. "Notice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *Id.* § 12.

 The record establishes that the Final Award was issued on May 7, 2018, which held that Mr. Colton and Hawk were jointly and severally liable for the amount awarded. *See* Doc. 1-1 at 35. The deadline for Defendants to move to vacate the Final Award, therefore, expired on August 7, 2018. Mr. Colton did not petition this court, or any other court, to vacate the Final Award until February 20, 2020, when he filed his answer in this action. *See* Doc. 15. Accordingly, Mr. Colton did not timely assert his grounds for vacating the Final Award pursuant to 9 U.S.C. § 12 and, therefore, waived his right to have the Final Award vacated, modified, or corrected. Even if the court considers Mr. Colton's objections as timely and not waived, they are insufficient to serve as bases to vacate the Final Award for the reasons the court sets forth.

### A. Arbitrator's Authority

Mr. Colton contends the Final Award should be vacated on three grounds;[2] however, only one—vacatur based on the arbitrator exceeding his or her authority—is recognized under the FAA. *See* 9 U.S.C. § 10; *see also Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (holding there are no longer nonstatutory grounds for vacating arbitration awards). The court, therefore, limits its consideration to Mr. Colton's objection that the arbitrator exceeded her authority.

### 1. Legal Standard

Judicial review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petrol. Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). The party seeking to vacate an arbitration award has the burden of proof, and the court must resolve any doubts or uncertainties in favor of upholding the award. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 (5th Cir. 2004). Likewise, questions of contract interpretation must be decided in favor of the arbitration decision. *Apache Bohai Corp. LDC*, 480 F.3d at 405. The reviewing court may not substitute its judgment for that of the arbitrator merely because it would have reached a different decision or interpreted a contract differently. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960); *City of San Antonio v. McKenzie Constr. Co.*, 150 S.W.2d 989, 996 (1941) (same); *Riha v. Smulcer*, 843 S.W.2d 289, 292-94 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("An arbitration award has the same effect as a judgment of a court of last resort, and a trial judge reviewing the award may not substitute his [or her] judgment for the arbitrator's

---

[2] Mr. Colton contends the Final Award should be vacated because: (1) the arbitrator exceeded her authority by resolving the underlying case that led to the settlement agreement, which Mr. Colton asserts is the sole basis for the Arbitration and the Final Award; (2) res judicata and collateral estoppel bar the Final Award; and (3) Plaintiff is unable to show it suffered damages caused by Defendants' alleged conduct. Doc. 32.

merely because the trial court judge would have reached a different decision. Not every error of fact or law warrants setting aside an arbitration award, but only those errors that result in a fraud or some great and manifest wrong and injustice.") (internal citation omitted). As a result, "vacating an arbitrator's award is rare." *City of Laredo v. Mojica*, 399 S.W.3d 190, 197 (Tex. App.—San Antonio 2012, pet. denied).

"An arbitrator exceeds his [or her] authority when he [or she] acts 'contrary to express contractual provisions.'" *Kemper Corp. Servs., Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Beaird Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005)). In determining whether an arbitrator exceeded his or her authority as a basis for vacatur under the FAA, the language of the arbitration agreement is critical. *See Kemper Corp. Servs.*, 946 F.3d at 822; *Glover v. IBP, Inc.*, 334 F.3d 471, 474 (5th Cir. 2003). "If the agreement gives an arbitrator authority to interpret and apply a contract, the arbitrator's construction of that contract must be enforced so long as it is rationally inferable from the letter or purpose of the underlying agreement." *Kemper Corp. Servs.*, 946 F.3d at 822 (internal quotations omitted). Stated another way, a court must accord strong deference toward and sustain the arbitrator's interpretation of the contract, even if the court disagrees with the arbitrator's interpretation of the underlying contract, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Resolution Performance Prod., LLC v. Paper*, 480 F.3d 760, 765 (5th Cir. 2007) (internal quotation omitted); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994). "The single question is whether the award, however arrived at, is rationally inferable from the contract." *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1219 n.3 (5th Cir. 1990) (citations omitted). As long as the arbitrator's award draws its essence from the parties' agreement and is not merely "his [or her] own brand of industrial justice," the

award is legitimate. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers*, 363 U.S. at 596).

### 2. Analysis

The Arbitration at issue in this case stems from Plaintiff's allegations that Defendants breached their settlement agreement and operating agreement. *See* Doc. 36. The operating agreement contains a paragraph setting out certain obligations to be performed by Hawk, including the requirement that it finance certain purchases. *Id.* at 4. The operating agreement also contains an arbitration provision that requires the parties to arbitrate "any controversy of any nature whatsoever, including but not limited to tort claims or contract disputes . . . relating to the formation, execution, interpretation, breach or enforcement of this [operating agreement] . . . ." *Id.* at 81. The arbitration paragraph goes on to state that the arbitrator's award "shall be final, binding and conclusive upon the parties to this [operating agreement]." *Id.* After reviewing the Final Award and the arbitration provision in the operating agreement, the court disagrees with Mr. Colton's argument that the arbitrator exceeded her authority. The court, instead, finds that the disputes resolved by the Final Award in the Arbitration were within the express authority conveyed to the arbitrator by the parties' operating agreement. Accordingly, the court determines that Arbitrator Hon. Anne Ashby did not exceed her authority when she issued the Final Award.

### III. Prejudgment Interest, Post-Award Interest, Postjudgment Interest, and Attorney's Fees

In addition to requesting that the court confirm the Final Award, Plaintiff also requests that the court adopt the Final Award entered by the arbitrator as the judgment in this case, and award it $10,000 for attorney's fees incurred in seeking to confirm the Final Award and postjudgment interest at 6% per annum interest rate in accordance with the Final Award. Instead of adopting the

Final Award as is, the court accepts it in all respects as if repeated herein verbatim, *except that portion dealing with the interest rate specified for prejudgment and postjudgment interest.*[3]

The Final Award entered on May 7, 2018, states that LALO, LLC is entitled to recover (1) "pre-judgment interest at the rate of 6% per annum from March 17, 2015, [] until the [Final Award] is satisfied;" and (2) "post-judgment interest at the rate of 6% per annum from [May 7, 2018] until [the Final Award] is satisfied." Doc. 1-1 at 35.

In diversity cases such as this one, postjudgment interest is awarded at the applicable federal postjudgment interest rate, pursuant to 28 U.S.C. § 1961, unless the parties contracted for a different rate. *See Travelers Ins. Co. v. Liljeberg Enters., Inc*., 7 F.3d 1203, 1209 (5th Cir. 1993) (citation omitted); *Woods v. P.A.M. Transport Inc.-L.U*., 440 F. App'x 265, 270 (5th Cir. 2011) ("The post-judgment interest rate for all judgments entered in federal courts, including those in diversity cases, is governed by 28 U.S.C. § 1961."). Similarly, prejudgment interest is calculated under state law in diversity cases such as this one. *See Boston Old Colony Ins. Co. v. Tiner Assocs. Inc*., 288 F.3d 222, 234 (5th Cir. 2002). Prejudgment interest is awarded to compensate fully the injured party, not to punish the defendant, and is considered compensation allowed by law as additional damages for lost use of the money due between the accrual of the claim and the date of judgment. *See Johnson & Higgins, Inc. v. Kenneco Energy, Inc*., 962 S.W.2d 507, 528 (Tex. 1998). Moreover, while arbitrators have authority to specify the rate of post-award interest, they do not have authority to specify the rate of postjudgment interest, which is governed by the federal statutory rate, unless an arbitrator has been granted authority by the parties to award a nonstatutory

---

[3] As the court has held that Hawk is in default, and the arbitrator's Final Award held Defendants jointly and severally liable, this opinion holds both Defendants jointly and severally liable to Plaintiff.

**Memorandum Opinion and Order – Page 7**

rate of postjudgment interest. *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456-61 (5th Cir. 2013); *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 739-40 (N.D. Tex. 1997).

The Final Award orders prejudgment interest of 6% per annum to run from March 17, 2015, until the Final Award is fully satisfied. Doc. 36 at 42. Pursuant to the controlling arbitration provision, the parties empowered the arbitrator to "award prejudgment interest" to the prevailing party; however, they did not specify or otherwise agree upon a specific prejudgment interest rate. Doc. 36 at 81. Accordingly, the court will apply the prejudgment interest rate of 5% per annum from March 17, 2015, to the date of entry of the Final Award on May 7, 2018.[4]

Additionally, Plaintiff does not point to any evidence that the parties contracted for a postjudgment rate different from the federal statutory rate or authorized the arbitrator to specify a postjudgment interest rate different from the federal statutory rate. It, instead, relies on the rate specified by the arbitrator in the Final Award. Accordingly, the court will apply the post-award interest rate specified in the Final Award—6 percent—from February 20, 2020,[5] to the date the

---

[4] "The Texas Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *International Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002). "[S]tatutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *Id.* at 499. Because the claims in this case do not fall within the statutory provisions, prejudgment interest in this case is governed by Texas common law. *Id.* "Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract." *Id.* When, as here, an interest rate is not specified in the parties' contract, prejudgment interest is calculated based on the statutory rate for postjudgment interest provided in section 304.003 of the Texas Finance Code. *Id.* Section 304.003 of the Texas Finance Code provides that the postjudgment interest rate is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent[.]" Tex. Fin. Code Ann. § 304.003(c)(2). The current prime rate is 3.5%, which is less than five percent. Accordingly, the prejudgment interest rate that the court will apply is five percent per annum.

[5] Because Mr. Colton was not properly served with service of process and, as a result, did not make an appearance in this proceeding until February 20, 2020—more than a year after Plaintiff moved to confirm the Final Award—the court, in the interest of equity, revises the post-award interest to run from the time Mr. Colton made his appearance until a judgment is entered in this case. Prejudgment interest is not meant to punish a defendant; therefore, it would be unjust and not in the interest of equity to allow interest to accrue on the Final Award through the issuance of a judgment in this case when Plaintiff failed to properly effect service on Defendants in a timely manner.

**Memorandum Opinion and Order – Page 8**

judgment is entered in this case. Postjudgment interest, on the other hand, will be awarded at the current federal rate in accordance with 28 U.S.C. § 1961.

Finally, Plaintiff seeks $10,000 in attorneys' fees for enforcing the Final Award in this case. Doc. 10 at 40. A district court may award attorney's fees against a party making challenges to arbitration awards that are not cognizable under the FAA, when the challenges are frivolous, or are without legal justification. *International Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981). A challenge is without justification if it "go[es] to the 'intrinsic merits' of a dispute." *Delek Ref., Ltd. v. Local 202, United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFLCIO*, 891 F.3d 566, 573 (5th Cir. 2018). "[W]hen parties have agreed to arbitrate a dispute, a subsequent court challenge to the merits is not justified even when that question is close because going to court is at odds with the parties' agreement to be bound by the arbitrator's decision." *Id*. at 573-74.

Mr. Colton challenged Plaintiff's request to confirm the Final Award by arguing that: (1) he was improperly served with process in this action; (2) the arbitrator exceeded her authority; (3) res judicata and collateral estoppel bar confirmation; and (4) Plaintiff failed show it suffered damages caused by Defendants' alleged conduct. *See* Doc. 32. There is a legal justification for Mr. Colton's first two arguments. First, 9 U.S.C. § 9 requires that Mr. Colton be served with notice of the application to confirm the arbitration award. Mr. Colton's challenge that he was not properly served pursuant to 9 U.S.C. § 9 is, therefore, not frivolous or without legal justification. Second, 9 U.S.C. § 10 provides that an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Because Mr. Colton's second challenge is authorized by 9 U.S.C. § 10, it too was asserted with legal justification and, therefore, was not frivolous. *See*

*Glover*, 334 F.3d at 471 (affirming district court's refusal to award attorney's fees incurred to enforce arbitration award where the defendant argued the arbitrator exceeded his authority). Mr. Colton's last two challenges are not recognized by the FAA; however, they are not so frivolous to warrant an award of attorney's fees. *See* 9 U.S.C. § 10. In particular, Mr. Colton, who appeared pro se, used four pages to assert his arguments regarding his last two challenges. Doc. 32 at 3-6. Plaintiff occupied two pages to respond to those arguments. Doc. 36 at 3-5. In other words, the briefing related to these issues between the parties did not amount to extensive or otherwise fact-intensive briefing that would cause strenuous or costly effort to prepare. Moreover, any delay in confirming the Final Award was caused by Plaintiff's failure to comply with 9 U.S.C. § 9 when it failed to properly serve Defendants, and 9 U.S.C. § 13 when it failed to file the agreements requiring arbitration, than Mr. Colton's challenges to confirming the Final Award. *See* Docs. 12, 28. The court, therefore, declines to exercise its discretion to award attorney's fees to Plaintiff. Accordingly, the court **denies** Plaintiff's request for attorneys' fees.

IV. Conclusion

For the reasons explained, the court **grants** Plaintiff LALO, LLC's Application, *except with respect to its request for prejudgment and postjudgment interest addressed below*; and **confirms** the Final Award to LALO, LLC in the amount of **$1,340,481.30**, which includes damages, attorney's fees and arbitration costs. Accordingly, the court:

(1) **confirms** the Final Award dated May 7, 2018, is in all respects, **except for the prejudgment and postjudgment interest rate;** and

(2) **orders** that LALO, LLC shall recover from Hawk Apparel, Inc. and Ernest "Eric" Colton, Jr., jointly and severally: **$895,223** awarded by the arbitrator for damages; **$404,343.30** awarded by the arbitrator for attorney's fees; **$40,915** awarded by the arbitrator for arbitration

costs; prejudgment interest on these amounts at the rate of **5 percent per annum** from March 17, 2015, until May 7, 2018;[6] and post-award interest on these amounts at the rate of **6 percent per annum** from February 20, 2020, the date Mr. Colton first appeared in this case, through the date judgment is entered.[7]

The court further **determines** that LALO, LLC is entitled to and shall recover from Hawk Apparel, Inc. and Ernest "Eric" Colton, Jr., jointly and severally, postjudgment interest at the applicable federal rate of **1.81 percent per annum** from the date judgment is entered until it is paid in full. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by a separate document.

**It is so ordered** this 20th day of April, 2022.

Sam A. Lindsay
United States District Judge

---

[6] The court determines that prejudgment interest of 5 percent per annum on $1,340,481.30 is **$210,620.83**.

[7] The court determines that post-award interest of 5 percent per annum on $1,340,481.30 is **$ 174,078.94**.

**Memorandum Opinion and Order – Page 11**